UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUSTIN FUGET, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 4:23-cv-01241-SEP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

Before the Court is Petitioner Justin Fuget's Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, Doc. [3].  For the reasons set forth below, the Amended Petition is dismissed.

**FACTS AND BACKGROUND**

Petitioner is a federal pretrial detainee in the Ste. Genevieve Detention Center.  He was charged with several drug and firearm offenses.  *See United States v. Justin Fuget*, No. 4:23-cr-234-RLW-1 (E.D. Mo. 2023).  Petitioner has a *Frye* hearing set for December 8, 2023, and a trial set for December 11, 2023.

The Amended Petition addresses Petitioner's pending criminal case, arguing that the indictment fails to charge an offense against the laws of the United States and the Court lacks subject matter jurisdiction.  Doc. [3] at 2, 6.  Citing Missouri's Second Amendment Preservation Act, Mo. Rev. Stat. §§ 1.410-.485, Petitioner asks the Court to "[i]nquire into legality of [his] detention and take mandatory judicial notice of adjudicative facts."  Doc. [3] at 7.

**DISCUSSION**

A criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution.  *See Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). When habeas claims raised by a federal pretrial detainee would be dispositive of the pending federal criminal charges, principles of judicial economy require that the petitioner first present those claims to the trial court, and then raise them on direct appeal if permissible.  *See Moore v. United States*, 875 F. Supp. 620, 624 (D. Neb. 1994).

Petitioner seeks a writ of habeas corpus that would dispose of his federal criminal case and cause him to be released from pretrial detention.  Petitioner does not explain why he cannot raise the claims in his ongoing criminal proceedings, nor does he show that there are any exceptional circumstances that would allow him to bypass the normal procedure for raising such claims.  Petitioner's claims would interfere with the trial judge's control over Petitioner's case, encourage "judge shopping," and cause needless duplication of judicial resources.  Therefore, relief under § 2241 is unavailable to Petitioner.  The Amended Petition is denied, and the Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, Doc. [3], is **DISMISSED**.  A separate order of dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

**IT IS FINALLY ORDERED** that Petitioner's motion to proceed *in forma pauperis*, Doc. [4], is **DENIED as moot**.

Dated this 5th day of December, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE